UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Respondent, )<br>)<br>v. )<br>)<br>)<br>GARY LEE WARD, )<br>    Petitioner. ) | No. 2:11-CR-102 |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the motion of defendant for a reduction of sentence, [Doc. 43]. Defendant requests a reduction in sentence pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 45]. The motion will be GRANTED in part.

**I. Factual and Procedural Background**

The defendant was convicted of conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). He was held accountable for 518 grams of crack cocaine, resulting in a base offense level of 32. The base offense level was increased by two levels for reckless endangerment and then decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 31. His criminal history category was IV. The guidelines range was 151 to 188 months; however, defendant was subject to a mandatory minimum of 240 months imprisonment. The United States filed a motion for downward

1

departure pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1. The Court granted the motion and imposed a 151-month sentence of imprisonment, a thirty-seven percent reduction.

At the time of the entry of his guilty plea, the defendant stipulated to the following facts:

> a) Through the testimony of several witnesses, including law enforcement officers, the United States would demonstrate, beyond a reasonable doubt, that beginning from approximately May 25, 2011, and continuing to on or about August 25, 2011, in the Eastern District of Tennessee, and elsewhere, the defendant did knowingly, intentionally, and without authority, conspire with at least one other person to distribute and possess with the intent to distribute more than 518 grams of cocaine base ("crack"), a Schedule II controlled substance.
>
> b) During the period of the conspiracy, the defendant obtained quantities of cocaine powder from suppliers in Georgia, and other states, which was then manufactured into cocaine base ("crack"). The cocaine base was distributed by the defendant to coconspirators in the Newport and Johnson City areas of the Eastern District of Tennessee.
>
> c) The defendant was interviewed by law enforcement agents on August 25, 2011, and admitted that in June 2011, he was invited by a co-conspirator's girlfriend to distribute cocaine base ("crack") in Newport, Tennessee, which was described to the defendant as, "a better place to sell drugs because they didn't have a drug task force." The defendant was introduced to other individuals who, in turn, introduced him to Robert Webb, aka "Peanut." The defendant described meeting Webb as like meeting a millionaire, and despite concerns that Webb was working with law enforcement, and the fact Webb smoked crack and would "shoot up" all day long, Ward began dealing only with Webb, selling him an 8-ball for $200.00 each. The first week of their association, Webb purchased four to five 8-balls of crack cocaine. Webb and his roommate, "Lanny," pooled their money and purchased 1/2 ounce of crack cocaine from him every two days, which the defendant sold to them for $400.00. Another conspirator, Margo Pondetta Gray, assisted Webb in some of these purchases by carrying money or drugs on 8-9 occasions between Webb and the defendant. During the third week of August 2011, Webb and Lanny stopped dealing with the defendant, claiming they were getting a better deal elsewhere. The defendant admits that, conservatively, between June 2011 and August 2011, he sold Webb and Lanny 406 grams of crack cocaine.

2

Case 2:11-cr-00102-JRG-CRW Document 48 Filed 01/18/17 Page 2 of 6 PageID #: 157

> d) The defendant met an individual called "Bobby" through Webb, and he began selling him crack cocaine. Bobby usually purchased one ounce quantities of crack cocaine at a time but on one occasion the defendant sold Bobby 1.5 ounces of crack cocaine. The defendant and Bobby had another 1.5 ounce transaction arranged that was supposed to occur on August 25, 2011, and they were in negotiation for a four ounce crack cocaine deal. The defendant admits that during the period of the conspiracy, conservatively, he sold Bobby 70 grams of crack cocaine. The defendant further admits that in August 2011 he and Bobby had a firm agreement for another 42 grams, and that he is therefore accountable for a total quantity of 112 grams of crack cocaine distributed to Bobby.

[Doc. 18].

## II. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances

3

established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, Cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If she is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, Cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, Cmt. n. 1(B)(ii)).

One other factor is relevant to the instant motion. Ordinarily, a defendant's sentence may not be reduced to a term "less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). But where, as here, defendant previously received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the Court has authority to grant a reduction "comparably less than the amended guideline range." USSG § 1B1.10(b)(2)(B). In addition, where, as is the case here, the defendant obtained a downward departure pursuant to 18 U.S.C. § 3553(e), "the amended guideline range shall be determined without regard to the operation of § 5G1.1 . . . and § 5G1.2." USSG § 1B1.10(c).

4

The relevant factors here demonstrate that a reduction is appropriate but that the reduction should be less than that requested by defendant. First is the seriousness of defendant's criminal conduct. Crack cocaine is a dangerous drug. The defendant not only sold the crack but he had the means of also obtaining large quantities from Georgia and other states to resell in the Eastern District of Tennessee. In addition, the defendant's criminal history is also an important consideration. The defendant has been convicted of prior drug offenses.

Protection of the public and necessary general deterrence are also significant factors which weigh against a reduction here, given the seriousness of the criminal conduct and the amount of crack involved in the offense. One final factor also weighs against the full reduction sought by defendant. The defendant faced a congressionally imposed 240-month mandatory minimum term of imprisonment as a result of his conviction. The only reason he escaped that 240-month minimum term, then or now, was the government's motion for downward departure based on substantial assistance. At the time of sentencing, the clear rule in the Sixth Circuit was that "only factors relating to a defendant's cooperation may influence the extent of a departure pursuant to § 3553(e)." *United States v. Grant*, 636 F.3d 803, 814 (6th Cir. 2011) (*en banc*). This Court reviewed the government's motion outlining the assistance provided by the defendant and concluded at the time that the sentence imposed reflected the extent of his cooperation. The policy bases upon which the Sixth Circuit premised its holding remain the same, even though the defendant is now *eligible* for the reduction based on the amendment to the guidelines. Since the only way defendant escaped the congressionally imposed mandatory minimum was for substantial assistance to the government, it is perfectly logical that the extent of the reduction should be determined based on the extent of assistance.

As the government points out, a reduction to the level sought by the defendant would result in a significant reduction from the mandatory minimum. Such a reduction is not warranted here under the circumstances outlined above. Furthermore, the defendant has received three disciplinary infractions since being incarcerated. The Court will, however, in the exercise of its discretion, in light of the defendant's post-sentencing efforts at rehabilitation, including earning his General Education Development Diploma and other classes, grant some additional reduction in the case. Therefore, the defendant's motion is GRANTED, and his sentence will be reduced to a term of 121 months of imprisonment.

ENTER:

                                              s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE